Thomas J. Warwick, Jr.
California Bar No. 56200
Dana M. Grimes
California Bar No. 250933
Grimes & Warwick
2664 Fourth Avenue
San Diego, CA 92103
Tel: (619)232-0600
Fax: (619)232-8857

Attorneys for Surety **Hang Le Ly**

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE ROGER T. BENITEZ)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. **08-CR-02531-BEN** |
| Plaintiff, | **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF** |
| vs. | **MOTION TO WITHDRAW JUDGMENT ON DEFAULT ORDER AND REQUEST TO** |
| **KYLE CHAPMAN,** | **RE-CALENDAR BOND HEARING** |
| Defendant. | DATE: |
| | TIME: |

**I.
STATEMENT OF THE CASE**

**SUMMARY**: At Kyle Chapman's sentencing hearing on June 22, 2009, this Court indicated that it was not prepared to address the bond forfeiture issue at that time, and set a future date of July 6, 2009 at 2:00 p.m.[1]  Nothing has been filed by either the Government or Defense Counsel since that sentencing hearing.  It

---

[1] "Motion Hearing re: [77-1] Motion for Forfeiture of Bond set for 7/6/2009 02:00 PM in Courtroom 03 before Judge Roger T. Benitez" Docket no. 78; filed 6/22/09; entered 6/25/09.

1

was the understanding of all parties that the bond issue would be addressed on July 6, 2009.

On June 25, 2009, this Court signed the Government's Judgment on Default order, forfeiting surety Hang Le Ly's $35,000 personal surety bond. Today, July 1, 2009, defense counsel was made aware that the bond hearing date would be vacated. (Previously, on May 6, 2009, defense counsel filed a Motion to Exonerate and Reinstate the Bond. The Government filed a motion for Judgment on Default on June 17, 2009.)

**RELEVANT CHRONOLOGY**:

July 30, 2008: An 11-count Indictment was filed in the Southern District of California charging Gentry Adams and Kyle Sean Chapman with firearms offenses. Mr. Chapman was charged in Counts 4 and 6 with being a Felon in Possession of a Firearm and Ammunition pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

July 31, 2008: Mr. Chapman was arrested and taken into custody after a federal search warrant was served on his residence.

August 4, 2008: Magistrate Judge Ruben B. Brooks issued an Order and Conditions of Pretrial Release. A personal surety bond was set at $35,000. Mr. Chapman's girlfriend, Hang Le Ly, executed the personal surety bond; on or about August 21, 2008 that bond was posted and Mr. Chapman was released from custody.

November 18, 2008: Mr. Chapman pled guilty to Count 6 of the Indictment. A sentencing date was set for February 9, 2009.

January 12, 2009: Surety Hang Le Ly reported Mr. Chapman was gone.

January 21, 2009: the Court issued a no-bail bench warrant for Kyle Chapman's arrest.

February 9, 2009: Mr. Chapman failed to appear at his sentencing hearing before Hon. Roger T. Benitez and the bond was forfeited. Status hearing regarding bond set for February 26, 2009.

February 12, 2009: After calling surety Hang Le Ly, Kyle Chapman self-surrendered to County Mental Health services.

April 7, 2009: Thomas J. Warwick substituted in as attorney of record for Mr. Chapman.

May 6, 2009: Defense counsel files Motion to Exonerate and Reinstate the Bond.

June 17, 2009: Government files a Motion on Default to forfeit bond.

June 22, 2009: Kyle Chapman sentenced. Court indicates it is not prepared to address the bond forfeiture issue and sets a future date of July 6, 2009 at 2:00 p.m.

June 25, 2009: Court's order granting Government's Motion on Default is filed.

///

///

## II.
### IT IS IN THE INTEREST OF JUSTICE TO:
### 1.) WITHDRAW THE ORDER GRANTING THE JUDGEMENT ON DEFAULT AND
### 2.) ALLOW THE SURETY THE OPPORUTNITY TO BE HEARD IN OPEN COURT

As illustrated by the chronology above, it was purely happenstance that resulted in the trailing of the bond issue to this stage in the proceedings, and we would submit that at this point it would be arbitrary to deny Ms. Ly the ability to be heard in court. The hearing was originally set to be heard in Magistrate Judge Brooks' department on February 26, 2009. That date was continued to April 9, 2009 at 9:00 a.m. before Magistrate Judge Ruben B. Brooks.

When our office substituted in on the case, a joint motion to continue the bond hearing (and competency hearing) to May 11, 2009, was granted. While Magistrate Judges typically handle bond issues, for efficiency reasons the bond issue was re-calendared by the Court to be heard in front of Honorable Judge Benitez on the sentencing date. The sentencing was then continued to June 22, 2009.

At Mr. Chapman's sentencing hearing, the bond hearing was continued to July 6, 2009, as the Court had a busy calendar and was not prepared to hear the parties on the bond issue at that time.

Both Assistant United States Attorney Gregory Noonan and defense counsel were prepared to go forward with the July 6 hearing.

Thus, while the bond hearing has been rescheduled a number of times for various reasons, Ms. Ly never had any indication that she would lose her right to be heard on the issue entirely. Today, July 1, 2009, defense counsel Dana Grimes learned that that the hearing would be taken off calendar as a result of the Court granting the order on the Government's Judgment on Default.

As noted in the Defense Motion to Reinstate and Exonerate the Bond, Rule 46(e)(2) provides for the setting aside of any forfeiture upon subsequent surrender by the surety of the person released or "if it appears that justice does not require the forfeiture." (Of course, now that Mr. Chapman is no longer awaiting sentencing, Ms. Ly is no longer asking for a reinstatement of the bond. She is asking that the Court Withdraw the Order of forfeiture and allow her the opportunity to argue, thorough counsel, to exonerate the bond.)

The district court has "wide discretion" to determine whether a forfeiture is justified and will only be reversed for an abuse of that discretion. United States v. Minor, 846 F.2d 1184, 1190 (9th Cir. 1988)(*reversed on other grounds* United States v. Caterino, *29 F.3d 1390*).

In making its determination the court must consider six factors: 1) the defendant's willfulness in breaching a release condition; 2) the sureties participation in apprehending the defendant; 3) the cost, inconvenience, and prejudice suffered by the government; 4) mitigating factors; 5) whether the surety is a professional or a member of the family or friend, and 6) the appropriateness of the amount of the bond. United States v. Nguyen, 279 F.3d 1112, 1115-16 (9th Cir. 2002).

Surety Hang Le Ly respectfully notes that she was never given the opportunity to be heard regarding six factors above, which are detailed in the previously filed Defense Motion to Reinstate and Exonerate the Bond. This matter has been on calendar a number of times. It is not Ms. Ly's fault that it has not yet been before the Court, and it would be peremptory to make a permanent finding on the

5

issue of forfeiture without allowing her to at least present her argument against it.

Assistant United States Attorney Gregory Noonan is opposed to the defense request to exonerate the bond. He is not opposed to re-calendaring this hearing to allow Ms. Ly the opportunity to be heard on the matter.

### III.
### CONCLUSION

For the foregoing reasons the surety, HANG LE LY, respectfully requests that the court withdraw its order granting the Judgment on Default, and re-calendar the bond hearing for July 6, 2009, at 2:00 p.m., or a future date (before this Court or a magistrate court, as this Court sees fit.)

DATED: July 1, 2009                Respectfully submitted,

                                   s/Thomas J. Warwick, Jr.
                                   Thomas J. Warwick, Jr.
                                   Dana M. Grimes
                                   Grimes & Warwick
                                   Attorneys for Surety Hang Le Ly